## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

RECEIVED

2014 SEP 22 P 2: 33

|                          |     |                           |
|--------------------------|-----|---------------------------|
| Therl Taylor, #260961,   | )   | No. 2:13-cv-2213-RMG      |
|                          | )   |                           |
| Petitioner,              | )   | **ORDER**                 |
|                          | )   |                           |
| vs.                      | )   |                           |
|                          | )   |                           |
| Warden at Allendale,     | )   |                           |
|                          | )   |                           |
| Respondent.              | )   |                           |
|                          | )   |                           |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 48), recommending that Respondent's Motion for Summary Judgment be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, as modified, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

### I. Background

In January of 1999, a Grand Jury indicted Petitioner for murder and possession of a weapon during the commission of a violent crime. (Dkt. No. 30-27 at 169). Petitioner's initial conviction was reversed by the South Caroline Supreme Court, which found that the trial court improperly instructed the jury on mutual combat and that the error was prejudicial. *State v. Taylor*, 589 S.E.2d 1 (S.C. 2003). Petitioner was retried in January of 2005. The jury convicted Petitioner of murder and possession of a weapon during the commission of a violent crime. (Dkt. No. 30-27 at 25). Petitioner was sentenced to thirty-six years on the murder conviction and five years, concurrent, on the conviction for possession of a weapon during the commission of violent crime. (*Id.* at 39).

Petitioner appealed his conviction. (Dkt. Nos. 30-1, 30-2). The South Carolina Court of Appeals dismissed the appeal and remitted the matter on October 26, 2007. (Dkt. Nos. 30-3, 30-5). The South Carolina Court of Appeals refused to accept a petition for rehearing because it was untimely, and the South Carolina Supreme Court denied Petitioner's request to have the Court of Appeals act on the petition of rehearing and denied Petitioner's request to file a petition for writ of certiorari. (Dkt. No. 30-6). The Court of Appeals also denied a "Motion to Recall/Reinstate the Remittitur," and the South Carolina Supreme Court denied a later petition for writ of certiori. (Dkt. Nos. 30-7, 30-9).

On September 25, 2008, Petitioner filed an application for post-conviction relief (PCR), raising various ineffective assistance of counsel claims. (Dkt. No. 30-27 at 45-53). On April 16, 2010, the PCR court dismissed Petitioner's application in its entirety. (Dkt. No. 30-27 at 134-167). Petitioner filed a Motion to Reconsider (Dkt. No. 30-13 at 25-34), which was denied on April 15, 2010. (*Id.* at 35).

Petitioner appealed the PCR court's ruling and raised ineffective assistance of counsel claim(s). (*See* Dkt. Nos. 30-11, 30-12). The South Carolina Court of Appeals denied the petition on July 25, 2013, and denied a petition for rehearing on September 23, 2013. (Dkt. Nos. 30-14, 30-18). The South Carolina Supreme Court dismissed Petitioner's Petition for Writ of Certiorari. (Dkt. No. 30-20). The South Carolina Court of Appeals remitted the matter on October 21, 2013. (Dkt. No. 30-21).

Petitioner filed this Petition for Writ of Habeas Corpus on August 15, 2013, and supplemented his Petition on September 20, 2013. (Dkt. Nos. 1, 13). Petitioner raises various grounds for relief, most of them ineffective assistance of counsel claims. (*See id.*).

The Magistrate Judge found that (a) Grounds 20, 24 and 25 were procedurally barred, (b) that Grounds 32-35 are not cognizable on habeas review, (c) that Grounds 29 and 36 failed to comply with Rule 2(c), and (d) that the state court's rulings on the remaining issues were not contrary to or an unreasonable application of Supreme Court precedent, and, therefore, Petitioner was not entitled to habeas relief. (Dkt. No. 48).  Petitioner filed timely objections.  (Dkt. No. 54).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

-3-

**B. Federal Habeas Review**

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. Habeas Review of Ineffective Assistance of Counsel**

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id*. at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

-4-

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'* s deferential standard." *Id.*

## III. Discussion

As an initial matter, Petitioner makes a number of conclusory, blanket objections to the R & R and attempts to simply "incorporate" all of his filings before the Magistrate Judge. (*See, e.g.*, Dkt. No. 54 at 2 ("Petitioner specifically objects to the reasoning and interrruptation [sic] on each and every ground raised and argued by Petitioner opposed by the R & R."); *id.* at 2 ("Petitioner hereby re-incorporates the entire traverse, all presented Exhibits thus far and all the record built up to this juncture.")). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

Furthermore, "[t]o the extent that plaintiff intends that this Court sua sponte consider prior argument not reiterated in specific objection to the magistrate judge's Report and Recommendation, the Court declines to do so." *Ramsey v. Comm'r of Soc. Sec.*, No. 1:08–cv–240, 2009 WL 3242570 at *1 (W.D. Mich. Sept. 30, 2009). "[S]uch duplicative consideration by the district court would defeat the purpose and efficiency of consideration by the

-5-

magistrate judge in the first instance." *Id.* Thus, this Court will consider "only the objections

specifically raised or discernable in [Petitioner's] Objections." *Id.*; *accord Tauber v. Barnhart*,

438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) (declining to consider all arguments de novo simply

because a party "incorporated" prior breifing).

## A. Procedurally Barred Claims - Grounds 24 and 25[1]

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C.

§ 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by*

*United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred

to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief

failed to the raise the issue asserted in his habeas petition at the appropriate time in state court.

Because the petitioner has no further means of raising the issue before the state courts, he is

considered to have bypassed his state court remedies and is, thus, procedurally barred from

raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986);

*Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted

when it is rejected by a state court on an adequate and independent state procedural ground.").

---

[1] The Magistrate Judge also found Ground 20 procedurally barred. (Dkt. No. 48 at 38).
The Court disagrees and finds that portions of Ground 20 are not procedurally barred. Thus, this
Ground is addressed separately below.

It appears Petitioner did not raise Grounds 24 and 25, both ineffective assistance of counsel claims, in his PCR proceeding.[2] (*See* Dkt. No. 30-27 at 45-53). To the extent that they were raised, they were not addressed by the PCR Court. (Dkt. No. 30-27 at 134-167). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Here, Petitioner did file a Rule 59(e) motion, but he did not raise these two issues in his motion. (*See* Dkt. No. 30-13 at 25-34). Because Petitioner did not do so, he failed to fairly present his claim to South Carolina's appellate courts and bypassed his state court remedies.

Petitioner objects to the Magistrate Judge's finding that these two issues were not raised in his PCR proceedings. (Dkt. No. 54 at 20). However, he fails to point to any place in the record where he raised them. (*Id.*). He also objects stating that he did file a Rule 59(e) motion. (*Id.*). Again, the Court agrees that Petitioner made a Rule 59(e) motion, but he did not raise *these two grounds* in that motion. There, these issues are procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). Petitioner has not made any such showing. Therefore, summary judgment is appropriate.[3]

---

[2] Ground 24 states that trial counsel was ineffective for "withdrawing motion on page 20, lines 3-9 of second trial transcript." (Dkt. No. 1 at 20). Ground 25 states that trial counsel was ineffective "by failing to act, request or object to the limited factually neutral charge approved in *Allen v. US*." (*Id.*).

[3] The Court also agrees with and adopts the R & R as to the merits of Ground 24. (*See* Dkt. No. 48 at 41-42).

-7-

**B. Defects in PCR Proceeding - Grounds 32, 33, 34, and 35**

Petitioner raises the following issues concerning his PCR proceeding:

Ground Thirty-Two: Special Post Conviction Relief Judge Goldsmith failed to properly provide Petitioner a Continuance.
. . .
Ground Thirty-Three: PCR Judge Goldsmith errored [sic] by not allowing Petitioner to continue pro se representation.

(Dkt. No. 1 at 22).

Ground Thirty-Four: Special PCR Judge Goldsmith erroneously failed to grant Petitioner some Relief at the appropriate opportunity based on Constitutional Violations.

Ground Thirty-Five: Despite Petitioner's Pro Se representation he received gross ineffective (11th Hour) PCR counsel, violating his, including but not limited to 6th and 14th Amended Constitutional Rights.

(Dkt. No. 13 at 1).

However, because a state prisoner has no federal constitutional right to post-conviction proceedings in state court, a petitioner is not entitled to federal habeas relief if there is some error in the PCR proceedings. *E.g., Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). In particular, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Therefore, these claims are not cognizable in a federal habeas action.

Petitioner argues that *Martinez v. Ryan* allows him to bring such claims. (Dkt. No. 54 at 25). However, Martinez "does not make such a free-standing claim cognizable." *Boseman v. Warden of Lee Corr. Inst.*, No. 2:11–3265, 2012 WL 5380636 (D.S.C. Sept. 24, 2012), *adopted by* 2012 WL 5380701 (D.S.C. Oct. 31, 2012). Martinez held that a petitioner "could demonstrate

-8-

sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective." *Id.* It did not recognize a free-standing claim based on ineffective PCR counsel. *Id.*; *see also Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (holding a *Martinez* claim is not a constitutional claim for habeas relief). Therefore, summary judgment is appropriate on these grounds.

## C. Insufficient Facts Alleged - Grounds 29 & 36

Petitioner raises the following grounds for relief in his Petition and supplement to his Petition:

"Ground Twenty-Nine: Defense was ineffective for breaching his duty and agreement with Petitioner and his Grandfather." (Dkt. No. 1 at 21).

"Ground Thirty-Six: Petitioner's Due Process and Equal Protection Clause were infringed." (Dkt. No. 13 at 1).

Petitioner does not allege any facts in support of these Grounds, or otherwise elaborate on them in the Petition. (Dkt. No. 1, 13).

The Court agrees with the Magistrate Judge that these allegation fail to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. *See* Rule 2(c) (requiring the Petition to "state the facts supporting each ground"). "In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim." *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987). "Mere conclusory allegations will not suffice." *Id.*; *see also Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *abrogated on other grounds by Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). Petitioner has not alleged sufficient facts to establish a constitutional claim.

-9-

With regard to Ground 36, Petitioner objects that he has "presented Due Process and Equal Protection Constitutional violations as a whole on just the information surfaced about the case up to this critical point." (Dkt. No. 54 at 25). However, this statement provides no more information as to Petitioner's purported claim than his Petition. Therefore, summary judgment is appropriate.

With regard to Ground 29, Petitioner provides additional facts in his objections. He states that trial counsel met with Petitioner's Pastor and Grandfather, and that trial counsel shook hands with his Grandfather saying that he would "make sure your son would receive a square deal," referring to a plea agreement. (Dkt. No. 54 at 23). Even if Petitioner had alleged these facts in his Petition, he would not be entitled to relief. To the extent Petitioner alleges the breach of an agreement, he does not state a constitutional violation.

To the extent Petitioner alleges counsel was ineffective in plea negotiations, his claim fails on the merits. The PCR court found that trial counsel entered into plea negotiations with the solicitor, and that the State offered Petitioner a plea of voluntary manslaughter. (Dkt. No. 30-27 at 139-40). As explained more extensively below in Section III. O., trial counsel adequately discussed this plea offer with Petitioner, and Petitioner rejected the plea of voluntary manslaughter twice. Petitioner has not explained how trial counsel was ineffective in his negotiations or shown that the PCR court's application of *Strickland* was unreasonable. Therefore, summary judgment is granted.

**D. Ineffective Assistance of Counsel (Jury Charge) - Ground 1**

Petitioner alleges that his trial counsel was ineffective for failing "to request specific jury charge that [Petitioner] was not required to retreat as evidence induced [sic] proved Petitioner

-10-

immune from the Law of Retreat - Stand his Ground Doctrine." (Dkt. No. 1 at 9). Petitioner

argues in his objections that the trial judge should not have included the third element of self-

defense in its instructions and that if it had not done so, the jury "could have returned a lessor

included Judgment." (Dkt. No. 54 at 8).

The trial judge charged the following regarding the third element of self-defense:

I charge you further the third element of self-defense is that there was no other
way to avoid the danger and that–this final–this element of self-defense is that the
defendant had no other probable way to avoid the danger of death or serious
bodily injury than to act as the defendant did in this particular instance. I charge
you further that the defendant had no duty to retreat if by doing so the danger of
being killed or suffering serious bodily injury would increase.

(Dkt. No. 30-26 at 156). The PCR court ruled that trial judge's instruction on the duty to retreat

was correct as a matter of South Carolina law. (Dkt. No. 30-27 at 160). "[I]t is not the province

of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*

*v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, this Court must defer to and accept the PCR

court's ruling that the trial judge's instruction was correct as a matter of state law. *See Sharpe v.*

*Bell*, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas courts . . . to

correct the interpretation by state courts of a state's own laws.").

Because the trial court's instructions were correct, counsel was not ineffective for failing

to object to them, and the PCR court's conclusion on this claim was not an unreasonable

application of federal law. *See, e.g., Lopez v. Thurmer*, 594 F.3d 584, 587 (7th Cir. 2010)

("Because we leave undisturbed the state appellate court's holding that Lopez was not entitled to

a felony-murder instruction, its additional ruling that counsel's performance was constitutionally

adequate under *Strickland* was reasonable."). Therefore, summary judgment is appropriate.

**E. Ineffective Assistance of Counsel (Jury Charge) - Grounds 4, 5, 6, 7, 8, and 10**

Petitioner raises the following grounds regarding the trial court's jury instructions

regarding malice:

> Ground Four: Trial counsel was ineffective for failing to object to improper jury
> instructions that created a mandatory impermissible presumption that was
> conclusive and rebuttable that shifted the burden of proof in violation of Due
> Process.
> . . .
> Ground Five: Appointed trial counsel was ineffective for failing to object or
> otherwise permit a ma[n]datory presumption charge. Since voluntary
> manslaughter is expressly defined as the unlawful killing of another without
> malice, jury instruction creating mandatory presumption of malice precludes
> manslaughter and clearly prejudiced Petitioner charged with murder.
> . . .
> Ground Six: Appointed trial counsel was ineffective for failing to object or
> otherwise attempt to prevent trial judge's continuous jury charge that they may
> infer malice from the use of a deadly weapon when self defense was a central
> issue in the case.
> . . .
> Ground Seven: Appointed trial counsel was ineffective for failing to request [a]
> charge which instructed the jury that they could not infer malice solely from the
> possession of a pocket knife if they otherwise had a reasonable doubt that malice
> existed.
> . . .
> Ground Eight [first][4]: Counsel was ineffective for failing to adequately explain the
> law as it pertains to manslaughter to Petitioner and even more so to the jury.
> Counsel prejudiced [Petitioner's] case by failing to specifically request
> appropriate jury instructions for the jury's consideration.
> . . .
> Ground Ten: Trial counsel was ineffective in failing to object to a jury charge
> instructing that malice may be inferred from the use of a deadly weapon where
> evidence was presented that would mitigate or justify the killing.

(Dkt. No. 1 at 13-14, 16, 17, 18).

As an initial matter, the trial judge gave a permissive, not mandatory, instruction

regarding the inference of malice from the presence of a deadly weapon:

---

[4] Petitioner has labeled two claims as "Ground Eight."

-12-

You see, the difference between murder and voluntary manslaughter is in the presence or the absence of malice, malice being present in murder, but not present in voluntary manslaughter.

I'm going to define for you now the term of malice. What is malice? Malice is defined in the law of homicide as a term of art. This is a technical term importing wickedness and excluding just cause or legal excuse. It is something which springs from wickedness, from depravity, from a depraved spirit, from a heart devoid of social duty and fatally bent on mischief.
. . .
The law says that if it is proved beyond a reasonable doubt that one intentionally killed another with a deadly weapon or with a dangerous instrumentality, such as, a gun or a knife, an inference of malice may arise. The use of a deadly weapon permits you to infer malice, but it does not require you to infer malice. If facts are proved beyond a reasonable doubt sufficient to raise an inference of malice to your satisfaction, this would simply be an evidentiary fact to be taken into consideration by you, the jury, along with other evidence in the case and, again, you may give it such weight as you find it should receive.

You as juror are free to accept or reject this permissive inference depending on your view of the facts. In other words, if such conduct results directly in the death of another and if such conduct was so culpable and inexcusable, so aggravated and grossly reckless as to show an active, intentional disregard of the consequences of human life, this denoting a malignant spirit, a heart devoid of social duty and fatally bent on mischief, inference of malice may arise. . . . This conduct, when it shows a deliberate and intentional design to so use or employ or handle a deadly weapon or dangerous instrumentality so as to endanger the life of another or of others without just cause or excuse may be sufficient to raise this inference. However, it is for you, the jury, to decide beyond a reasonable doubt whether upon all the facts and circumstances of this case the Defendant alleged–the Defendant's alleged use of a deadly weapon demonstrated such an intentional disregard for human life that malice may be inferred from the use of the deadly weapon and it is for you, the jury to decide what weight, if any, should be given this fact.

(Dkt. No. 30-26 at 145-148). Contrary to Petitioner's contentions (Dkt. No. 54 at 7), the trial

judge does not "declar[e] facts" in these instructions.

In *State v. Belcher*, decided on October 12, 2009, the South Carolina Supreme Court held

that

> It has long been the practice for trial courts in South Carolina, as sanctioned by this Court, to charge juries in any murder prosecution that the jury may infer malice from the use of a deadly weapon. We granted Belcher's petition to argue against this precedent. Having carefully scrutinized the historical antecedents to this permissive inference, we hold today that a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide.

685 S.E.2d 802, 803-04 (S.C. 2009). However, *Belcher* was decided over two years after

Petitioner's direct appeal was completed. In *Belcher*, the Supreme Court held that

> Because our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved . . . Our ruling, however, will not apply to convictions challenged on post-conviction relief.

*Id.* at 810. Noting this holding, the PCR court held that "*Belcher* simply does not apply to

[Petitioner's] case. The trial court judge correctly instructed the jury on the law as it existed at

the time of [Petitioner's] trial and did not create any mandatory presumptions, or shifts in the

burden of proof, regarding malice." (Dkt. No. 30-27 at 160). Again, this Court must defer to and

accept the PCR court's ruling that the trial judge's instruction was correct as a matter of state

law. *See Sharpe*, 593 F.3d at 383. Because the trial court's instructions were correct, counsel

was not ineffective for failing to object to them, and the PCR court's conclusion on this claim

was not an unreasonable application of federal law.[5]  *See, e.g., Lopez*, 594 F.3d at 587.  Thus, summary judgment is appropriate on these grounds.

## F. Ineffective Assistance of Counsel (Jury Charge) - Ground 9

In Ground 9, Petitioner alleges that "trial counsel was ineffective for failing to specifically request the self defense jury charge that the sate is required to disprove beyond a reasonable doubt each element of self defense." (Dkt. No. 1 at 18).  The trial judge charged that "[t]he state has the burden of disproving self-defense by proof beyond a reasonable doubt." (Dkt. No. 30-26 at 151).  The trial judge later charged that "[y]ou should not convict him on either charge . . . unless his guilt on that charge, including the absence of self-defense, had been established beyond a reasonable doubt." (*Id.* at 157).  The PCR court noted the instruction given by the trial judge and found that "the trial judge correctly charged the law of self-defense as applicable to the facts of this case." (Dkt. No. 30-27 at 159).  The Magistrate Judge recommended granting summary judgment on this ground.

Citing *State v. Burkhart*, Petitioner objects that the trial court should have charged that the state had the burden to "disprov[e] each and every element[] of the four (4) elements in self-defense." (Dkt. No. 54 at 13).  In *Burkhart*, the South Carolina Supreme Court held that "when self-defense is properly submitted to the jury, the defendant is entitled to a charge, if requested,

---

[5] To the extent that Petitioner claims trial counsel did not explain the law to him, the PCR court found otherwise, crediting trial counsel's testimony that Petitioner "was well aware of and apprised of all the issues, aspects, and developments in the case and that he was very involved in the preparation of his defense." (Dkt. No. 30-27 at 144).  The PCR court found that Petitioner's claim that trial counsel "did not adequately communicate or consult with him regarding his trial is not credible." (*Id.*)  The PCR court's factual findings that trial counsel adequately communicated with Petitioner is presumed to be correct.  Petitioner has not met his burden of rebutting this presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

that the State has the burden of disproving self-defense by proof beyond a reasonable doubt." 565 S.E.2d 298, 303 (S.C. 2002). The Supreme Court went on to state that, "[c]harging that the State must disprove self-defense **or**, that the State must prove the elements of self-defense are not present, clearly places the burden on the State, as this Court intended." *Id*. at 304 (emphasis added).

Again, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. The Court defers to the PCR court's finding that the trial judge's instructions complied with *Burkhart*. Because the trial court's instructions were correct, counsel was not ineffective for failing to object to them, and the PCR court's conclusion on this claim was not an unreasonable application of federal law. *See, e.g., Lopez*, 594 F.3d at 587. Thus, summary judgment is appropriate on these grounds.

## G. Ineffective Assistance of Counsel ("Pitting" Witnesses) - Ground 2

Petitioner alleges that trial counsel was "ineffective by failing to object when the assistant solicitor repeatedly pitted Petitioner against the State's forensic pathologist on cross-examination." (Dkt. No. 1 at 26). The PCR court found that Petitioner's "allegation regarding the State's 'pitting' him against another witness is not credible and lacks any merit sufficient to state a ground for relief." (Dkt. No. 30-27 at 151).

Assuming the exchange between the assistant solicitor and Petitioner was improper "pitting," Plaintiff has not shown prejudice from trial counsel's failure to object this very brief line of questioning–i.e., that objection "would reasonably likely have changed the outcome of the trial." *Credell v. Bodison*, 818 F. Supp. 2d 928, 939 (D.S.C. 2011). Or, at the very least, "fairminded jurists could disagree" on whether any prejudice existed from counsel's failure to

-16-

object to this very brief line of questioning. Therefore, the PCR court's application of *Strickland*

was not unreasonable, and summary judgment is appropriate. *See Hurst v. Joyner*, 757 F.3d 389,

394 (4th Cir. 2014) ("The state court decision may be deemed unreasonable 'only if it is so

erroneous that there is no possibility fairminded jurists could disagree that the state court's

decision conflicts with th[e] [Supreme] Court's precedents.'") (quoting *Nevada v. Jackson*, 133

S.Ct. 1990, 1992 (2013) (per curium)).

## H. Ineffective Assistance of Counsel (Character Evidence) - Grounds 3, 14 and 26

Petitioner makes the following allegations about trial counsel's decision not to introduce

character evidence:

> Ground Three: Trial attorney was grossly ineffective for not calling crucial
> defense witnesses regarding A) decedent's violent history and propensity for
> violence and B) Petitioner's non-violent history (no prison violence) and
> reputation for peacefulness and Good Samaritan work.
>
> . . .
>
> Ground Fourteen: Defense counsel failed to introduce any of decedent's violent
> bullying reputation, propensity for violence and specific instances of violent
> conduct or violent trait of character that Petitioner was well aware in personal
> knowledge.
>
> . . .
>
> Ground Twenty-Six: Defense counsel advised Petitioner his good character, law
> enforcement work, educational background and documentative [sic] licensed
> business would be fairly presented for the jury's consideration, yet was not during
> trial.

(Dkt. No. 1 at 12, 19, 20).

With regard to the victim's character, Petitioner states that "[a]bout a dozen specific

incidents of violence by decedent exist, yet not effectively presented by appointed trial counsel."

(Dkt. No. 54 at 9). However, Petitioner only identifies one of these supposed incidents: "the

stabbing by the decedent of his brother in the back and stomach which he bragged about." (*Id.*).

-17-

The PCR court noted that because Petitioner insisted that the victim had a history of violence and drug use, trial counsel obtained the victim's criminal record. (Dkt. No. 30-27 at 139). The victim's criminal record only showed one charge for assault and battery with intent to kill that involved members of the victim's family. (*Id.*). Trial counsel "talked to members of the victim's family regarding the victim's history of violence, and . . . as a result of those conversations, he determined that calling the victim's family members to testify at trial would have been harmful to the [Petitioner's] defense." *(Id.)*.

Petitioner cannot successfully claim that witnesses should have been called without "a proffer of testimony from a witness or witnesses he claims his attorney should have called." *Bassette v. Thompson*, 915 F.2d 932, 940 (4th Cir. 1990), *cert. denied* 499 U.S. 982 (1991). Petitioner has not put forward any proffer as to what these family members might have said to rebut trial counsel's claim that such testimony would have been harmful to Petitioner's claim. Nor has he put forward any other testimony from would-be witnesses regarding the victim's propensity for violence.[6]

As to evidence of Petitioner's character, the PCR court made detailed findings, which are recounted in the R & R. (*See* Dkt. No. 48 at 15-16). Trial counsel had gone to great lengths to keep Petitioner's criminal history and pending failure to stop for a blue light charge out of evidence. (Dkt. No. 30-27 at 148). Trial counsel testified that

> he researched the character issue and that he understood, in light of his experience
> in addition to that research, that if he presented evidence or testimony regarding

---

[6] Petitioner frequently argues that such testimony was not proffered at the PCR hearing because his PCR attorney was "incompetent" or ineffective. (*See, e.g.*, Dkt .No. 54 at 10). However, he has not put forward such testimony or even given the name(s) of supposed witnesses in this habeas proceeding.

the [Petitioner's] good character, he would be opening the door for the State to attack the [Petitioner's] character. The State would be able to bring up all the issues counsel was trying to avoid, including the [Petitioner's] criminal history and the pending failure to stop for a blue light charge.

(*Id.*). Thus, trial counsel made a strategic decision not to put on such character evidence. He explained to Petitioner that "in a self-defense case, the most important part of the trial resolves [sic] around what happened, factually, as the scene of the crime," and counsel did present evidence to the jury "to show that the victim was the aggressor and that the [Petitioner] was acting in self-defense." (*Id.* at 148-49).

The PCR court credited this testimony by trial counsel and found Petitioner did not prove the two prongs of *Strickland*. (*Id.* at 150). The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. *See Strickland*, 466 U.S. at 681 ("If counsel conducts such substantial investigations, the strategic choices made as a result 'will seldom if ever' be found wanting."). Petitioner objects that the conclusion that "trial counsel made a 'strategic' reason for not calling [such witnesses] is clearly invalid," but he offers no evidence or substantiation for this bald assertion. (Dkt. No. 54 at 10). Therefore, summary judgment is appropriate.

## I. Ineffective Assistance of Counsel (Expert Witness) - Ground 27

Petitioner alleges

Trial counsel was ineffective by failing to present an expert witness in self defense, particularly one that would factually attest to Petitioner's mind set having suffered life threatening injuries prior to attack by decedent.

(Dkt. No. 1 at 20). As an initial matter, trial counsel did call two expert witnesses in support of Petitioner's self-defense claim, one that testified about the blood spatters at the crime scene and

one that testified as to how intoxication affects an eyewitness' testimony and recollection of events. (Dkt. No. 30-27 at 147). However, Petitioner claims trial counsel should have called a third witness to testify about his mental state.[7]

The Court agrees with the Magistrate Judge that this claim for relief is precluded by the fact that Petitioner has not proffered such a witness at his PCR hearing or here in this habeas proceeding. *See Bassette*, 915 F.2d at 940. The Court also agrees that given the amount of evidence counsel did present at trial regarding self-defense and recounted by the PCR court,[8] Petitioner failed to show that he suffered prejudice from counsel's failure to call an expert on his mental state.[9]

## J. Ineffective Assistance of Counsel (Defense of Duress) - Ground 13

Petitioner alleges that trial counsel was ineffective by "fail[ing] to present affirmative defenses of extreme emotional disturbance or duress." (Dkt. No. 1 at 19). In its ruling, the PCR noted that trial counsel testified that "emotional distress, duress, and coercion were not separate defenses and only really applied to the [Petitioner's] case in the context of self-defense." (Dkt. No. 30-27 at 140). The PCR court went on to state that Petitioner "could not point to any specific matters counsel failed to discover, or any defenses that could have been pursued had counsel investigated further or been more fully prepared." (*Id.* at 143).

_____

[7] As the Magistrate Judge noted, trial counsel did introduce evidence about Petitioner's recent injuries and resulting physical limitations. (Dkt. No. 30-27 at 148).

[8] See Section III, N. below for more details on trial counsel's presentation of self-defense.

[9] In his objections, Petitioner also argues that trial counsel should have called at least three of his treating physicians. (Dkt. No. 54 at 21). This claim was not raised in his habeas petition or considered by the Magistrate Judge. However, it would fail for the same reasons that Ground 27 fails–he has not proffered these witnesses and he has not shown prejudice.

-20-

The Magistrate Judge noted that, while a mitigating circumstance to be considered during sentencing includes "mental or emotional disturbance," *see* S.C. Code Ann. § 16-3-20(C)(b)(2), he was unable to locate any affirmative defense of extreme emotional disturbance under South Carolina law. (Dkt. No. 48 at 31). This Court has also been unable to locate any such affirmative defense to murder under South Carolina law, and Petitioner has not pointed to any authority for one. Indeed, the South Carolina Supreme Court has stated that "in South Carolina, duress is not a defense to murder." *State v. Kelsey*, 502 S.E.2d 63, 69 n.2 (1998) (citing *State v. Rocheville*, 425 S.E.2d 32 (1993)).

Given that Petitioner has failed to show that such a defense even exists under South Carolina, the Court finds that the PCR court's application of *Strickland* was reasonable and grants summary judgment.

### K. Ineffective Assistance of Counsel (Defense of Others) - Ground 15

Petitioner alleges that "Defense Attorney failed to request specific defense of others jury charge, which violated Petitioner's U.S. 6th Amendment Right." (Dkt. No. 1 at 19). At the PCR hearing, trial counsel testified that defense of others was inapplicable to Petitioner's case. He testified that there had been a disagreement between the decedent and a young lady earlier, but

> the problem is this, when the attack by Mr. Carter onto [Petitioner] occurred and [Petitioner] got hold of a knife that was on the floor and began stabbing him was in relation to defending himself, the issue with the young lady had occurred and come and gone, he wasn't defending her no longer. . . . He was–our presentation was he was attacking Mr. Carter because Mr. Carter was attacking him and he was defending himself. So defense of others would not be appropriate under the fact pattern that we have in my opinion.

(Dkt. No. 30-27 at 116). The PCR court credited trial counsel's testimony and found that "[t]rial counsel articulated valid reasons for employing self-defense as a trial strategy, particularly in

light of the [Petitioner's] insistence that he only acted in self-defense, and further articulated

valid reasons regarding why the other defenses did not apply." (Dkt. No. 30-27 at 140, 143).

The PCR Court found that Petitioner failed to satisfy either prong of *Strickland*. (*Id*.).

In his objections, Petitioner states that he was "taking up for the female" "when *decedent*

*attacked Petitioner* by first striking him in the left ear and head very hard." (Dkt. No. 54 at 15)

(emphasis added). Assuming this statement is true, it does not rebut trial counsel's testimony

that when Petitioner began stabbing the decedent, he was acting to defend himself against attack.

The Court agrees with the Magistrate Judge that the PCR court's application of *Strickland* was

reasonable under the circumstances. *See, e.g., Turk v. White*, 116 F.3d 1264, 1266 (9th Cir.

1997) (holding defense counsel was not ineffective for choosing not to pursue a diminished-

capacity defense because it would have conflicted with the primary defense of self-defense).

## L. Ineffective Assistance of Counsel (Imperfect Self-Defense) - Ground 23

Petitioner alleges that "Defense counsel was ineffective for failing to present an imperfect

self defense theory." (Dkt. No. 1 at 20). As the Magistrate Judge noted, the South Carolina

Supreme Court has stated:

[A]ppellant argues the trial judge erred in refusing to charge the jury the theory of
'imperfect self-defense.' If believed by the jury, appellant contends an actual,
although unreasonable, belief that he was in imminent danger of bodily harm is a
defense to the charge of murder which reduces the crime to voluntary
manslaughter. **This is not the law in South Carolina**.

*State v. Finely*, 290 S.E.2d 808, 809 (S.C. 1982) (emphasis added). The Court agrees with the

Magistrate Judge that because this theory of imperfect self-defense does not exist in South

Carolina, trial counsel was not ineffective for failing to raise it. Therefore, the PCR court's

application of *Strickland* was reasonable, and summary judgment is appropriate.

**M. Ineffective Assistance of Counsel (Research, Investigation and Preparedness) -**

**Grounds 8 [second], 17, and 18**

Petitioner raises the following grounds for relief concerning trial counsel's research,

investigation and preparedness:

> Ground Eight [second]: Counsel was ineffective for inadequately researching the
> law pertaining to "malice," and other entitled specific self defense instructions.
> . . .
> Ground Seventeen: Counsel was ineffective for failing to investigate.
>
> Ground Eighteen: Defense Attorney was Ineffective for not being thoroughly
> prepared.

(Dkt. No. 1 at 17, 19). The PCR court found that Petitioner "failed to establish that trial counsel

was ineffective with investigating and preparing for this matter." (Dkt. No. 30-27 at 141).

> Trial counsel noted that he and his investigator personally investigated and
> mapped the crime scene, and that he reviewed all of the discovery materials.[10]
> And that he discussed the discovery, possible defenses, character issues, and
> decisions regarding witnesses with [Petitioner] prior to trial. Trial Counsel
> conducted a significant amount of legal research and investigation in preparation
> for [Petitioner's] trial and was not required to reconstruct all of the events that
> occurred the night of the crime. Counsel presented expert testimony to rebut the
> State's evidence, adequately cross-examined the State's witnesses, and more than
> adequately prepared the self-defense theory presented at trial.

(*Id.*). The PCR court went on to note that Petitioner "could not point to any specific matters

counsel failed to discovery, or any defenses that could have been pursued had counsel

investigated further or been more fully prepared, such that the result of the trial would have been

different," and found that Petitioner failed to prove either prong of *Strickland.* (*Id.* at 143).

---

[10] Including any and all medical records, police reports, SLED reports, chain of custody
evidence, and criminal histories.

The Court agrees with the Magistrate Judge that the PCR court's application of *Strickland* was reasonable. There is certainly a reasonable argument that trial counsel satisfied *Strickland*'s deferential standard.

### N. Ineffective Assistance of Counsel (Ineffective Presentation) - Ground 11

Under Ground Eleven, Petitioner alleges

Part One - Defense Counsel ineffective for not challenging malice versus manslaughter appropriately.

Part Two - Counsel failed to effectively present defense of lessor included manslaughter in light of heat of passion, petitioner being attached and legal provocation.

Part Three - Defense failed to object to confusing malice charge or even request a curative [sic] instruction respecting 'malice' and or the Judge's charge as a whole.

Part Four - Defense was ineffective by failing to present significant facts regarding lessor included charge of voluntary manslaughter argument that the killing would fall under manslaughter rather than 'malice' murder. Miller v. Wainwright.

Part Five - Defense counsel ineffective by not developing fact Petitioner 'saw something shiney [sic] in decedent's hand. On record at both trials. . . . Additionally, knife was knocked completely out of Petitioners hand twice has [sic] decedent attempted to retrieve knife.

(Dkt. No. 1 at 18). To the extent that Petitioner asserts trial counsel was ineffective for failing to object to the jury instruction on malice, the Court addressed this claim above in Section III. E.

To the extent that Petitioner asserts trial counsel failed to effectively present his claim of self-defense, the Court grants summary judgment. The PCR court found that trial counsel had "more than adequately prepared the self-defense theory presented at trial," and "vigorously cross-

examined the State's forensic expert witness." (Dkt. No. 30-27 at 141). The PCR court found that

> the credible evidence before this Court shows that the jury had for its consideration evidence and testimony that the victim was on top of [Petitioner], that [Petitioner] was also kicked and beaten during fight, that the victim was significantly larger that [Petitioner], and that the victim had been drinking the night of the incident.
>
> Moreover, the [Petitioner] himself admits . . . that testimony and evidence was presented at trial that the victim was intoxicated and behaving violently prior to and during his altercation with [Petitioner]. [Petitioner] further concedes . . . that evidence presented at trial 'showed that [Petitioner] very well could have acted in self-protection when he stabbed decedent' who was 'on top of him' during the fight. . . [Petitioner] also admits that facts presented to the jury showed that he 'did attempt to flea' . . .

(*Id.* at 141-42). Finally, the PCR court found that trial counsel "objected where appropriate, cross-examined the State's witnesses, [and] presented two expert witnesses on behalf of [Petitioner] in support of their defense. . ." (*Id.* at 142). Petitioner has not rebutted these factual findings with clear and convincing evidence. Given these findings, the Court finds the PCR court's application of *Strickland* reasonable with regard to counsel's presentation of self-defense.

To the extent that Petitioner alleges trial counsel was ineffective for failing to "effectively present defense of . . . manslaughter," the Court also grants summary judgment. At the PCR hearing, Petitioner did not specify any additional facts regarding manslaughter that trial counsel should have introduced at trial. (Dkt. No. 30-27 at 96-97). In his objections to the R & R, Petitioner readily admits that "[t]he record depicts evidence of self-preservation, heat of passion and legal provocation . . . The circumstances and facts support manslaughter." (Dkt. No. 54 at 14). Thus, he agrees that trial counsel did introduce such evidence at trial.

Furthermore, trial counsel testified, and the PCR court found, that Petitioner

"emphatically" rejected plea offers for voluntary manslaughter because he "always insisted he

was not guilty of these crimes because he was acting in self-defense." (*Id.* at 140). As explained

above, trial counsel presented Petitioner's claim of self-defense against both murder and

manslaughter. To the extent that Petitioner argues trial counsel should have argued Petitioner

was guilty of voluntary manslaughter contrary to his claim of self-defense, the Court rejects such

a claim. *See, Turk*, 116 F.3d at 1266 (holding defense counsel was not ineffective for choosing

not to pursue a diminished-capacity defense because it would have conflicted with the primary

defense of self-defense).

Therefore, the Court agrees with the Magistrate Judge that the PCR court's application of

*Strickland* was reasonable, and summary judgment on this ground is appropriate.

## O. Ineffective Assistance of Counsel (Plea Offer) - Ground 12

Petitioner alleges that trial counsel was ineffective because he "did not seek Petitioner's

desirability of accepting the plea offer made by Government, and refused to talk, as requested by

Defendant with decedent's family." (Dkt. No. 1 at 19).

The PCR court noted that Petitioner "acknowledged that trial counsel told him the State

was offering him a plea to voluntary manslaughter, but stated that the plea was not for any certain

number of years." (Dkt. No. 30-27 at 138-39). Petitioner also acknowledged that he was offered

the manslaughter plea twice, that he had his family prayed over the offer, and that he turned the

offer down twice. (*Id.* at 77-78, 103). Indeed, in his objections Petitioner states that he "thought

and saught [sic] and prayed with his family in an adjacent court room concerning the . . . plea

offered through counsel." (Dkt. No. 54 at 14). In his objections, Petitioner essentially concedes

-26-

that trial counsel discussed the plea with him, but now claims trial counsel gave him "hope and

confidence of winning" at trial.[11] (*See id.*).

> The PCR court also noted trial counsel's testimony on the matter:

> Counsel testified that in [Petitioner's] case, the solicitor offered [Petitioner] a plea
> to voluntary manslaughter. He further stated that, although he cannot remember
> whether the solicitor offered a specific number of years, he is certain he told the
> [Petitioner] he would be facing less time in prison for voluntary manslaughter
> than he would if convicted at trial for murder. Counsel testified that [Petitioner]
> emphatically rejected the solicitor's plea offer, and that [Petitioner] always
> insisted he was not guilty of these crimes because he was acting in self-defense.

(*Id.* at 140). The PCR court found Petitioner's testimony that trial counsel did not adequately

communication or consult with him "not credible," and trial counsel's testimony credible. (*Id.* at

144). The PCR court made the following factual findings, which are presumed correct:

> Trial counsel and [Petitioner] met several times, discussed discovery, the status of
> the case, plea offers, witnesses, trial strategy and self-defense, overall discussed
> all remotely significant decisions with [Petitioner]. . . . trial counsel conveyed the
> State's plea offer to [Petitioner] and [Petitioner] turned the offer down twice.

(*Id.* at 145). The Court agrees with the Magistrate Judge that Petitioner has failed to rebut these

factual finds with clear and convincing evidence. Given these factual findings, the PCR court

applied *Strickland* reasonably, and summary judgment is appropriate.

## P. Ineffective Assistance of Counsel (Forensic Evidence) - Ground 20

> Petitioner raises the following allegations in Ground 20 for relief:

> Defense was ineffective by not challenging a proper chain of custody of
> decedent's delayed blood sample results.

---

[11] Petitioner also claims the plea agreement was "ambiguous" presumably because the
solicitor did not offer a specific number of years. (Dkt. No. 54 at 14).

> Defense was ineffective not to adequately argue prosecutorial misconduct regarding timely release results which were favorab [sic] and material to Petitioner.[12]

> Defense was ineffective by failing to establish true and correct analysis with genuine result of urine, blood & hair.

(Dkt. No. 1 at 20). The Magistrate Judge held that Petitioner's claim that counsel was ineffective for failing to challenge the chain of custody was procedurally barred, but went on to address the merits of the claim. (Dkt. No. 48 at 38). Petitioner did raise this issue in his Rule 59(e) motion before the PCR court. (*See* Dkt. No. 30-13 at 29 ("A complete chain of evidence must be established as far as practicable, tracing possess from the time the specimen is taken from the human body to the final custodian by whom it is analyzed.")). Therefore, the Court finds this issue is not procedurally barred and modifies to the R & R to exclude its conclusion that it appears such a claim is procedurally barred. (*See* Dkt. No. 48 at 38). However, the Court agrees with and adopts the R & R as to the merits of this claim.

Petitioner has failed to show any problem with the chain of custody and failed to show prejudice from trial counsel's failure to object. Therefore, summary judgment is appropriate. *See, e.g., Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (holding defendant failed to establish prejudice from counsel's failure to object to chain of custody because she failed to shown that the objection would have been sustained or that prosecution would not have established complete chain of custody).

---

[12] Petitioner's claims regarding prosecutorial misconduct are addressed under Ground 30 in Section III. R., below.

To the extent that Petitioner claims that trial counsel should have conducted some other/additional urine, blood, or hair analysis, this claim was not addressed by the PCR court and not raised in Petitioner's Rule 59(e) motion. Therefore, it is procedurally barred.

## Q. Ineffective Assistance of Counsel (Prejudicial Words) - Ground 28

Petitioner claims that trial counsel was ineffective "for failing to object to repeated prejudicial words 'crime, crime scene, and victim' instead of alleged victim or location or incident, especially in light of Petitioner's sole self defense." (Dkt. No. 1 at 21).

Trial counsel made two motions regarding the use of these words at trial, researched the issue, and argued out-of-state case law because there was no relevant or controlling South Carolina law. (Dkt. No. 30-27 at 153). The trial judge denied both motions ruling that the use of those words, within this context, was not prejudicial. (*Id.*) The trial judge did rule that witnesses could not testify that they were present "at the scene of a murder." (*Id.* at 153 n.8). In Petitioner's objections, he argues trial counsel should have raised a contemporaneous objection each time a witness used one of these words. (Dkt. No. 54 at 22). However, the PCR court found the issue sufficiently preserved by the motions made by counsel. (Dkt. No. 30-27 at 153). Petitioner has made no showing that the issue was not adequately preserved by trial counsel's two motions.[13] Therefore, the Court finds that the PCR court's application of *Strickland* was reasonable and grants summary judgment.

---

[13] Furthermore, the trial court and jury may have become annoyed had defense counsel continued to raise the same objection that had already been ruled on. As long as the issue was preserved for appeal, trial counsel's decision not to continually raise the same objection was a strategic one.

-29-

**R. Ineffective Assistance of Counsel (Prosecutorial Misconduct) - Ground 30**

Petitioner alleges that trial counsel was "ineffective for failing to prevent and bring to light assistant solicitor's intentional prosecutorial misconduct, deceptiveness and misrepresenting facts as well as covering up facts in Petitioner's favor which would have produced a different result." (Dkt. No. 1 at 21).

The PCR court found that "there is simply no credible evidence supporting a finding that such misconduct actually occurred nor is there any evidence before this Court to support a finding that any testimony from the State's witnesses was false." (Dkt. No. 30-27 at 154). The PCR court went on to hold that Petitioner's claims regarding prosecutorial misconduct were "wholly without merit." (*Id.*). The Magistrate Judge found that he had "located no evidence of such misconduct" on the record in this habeas proceeding. (Dkt. No. 48 at 47). Petitioner made only a conclusory objection to this finding of the R & R. (Dkt. No. 54 at 23). Having failed to put forward any credible evidence of such misconduct, Petitioner's claim of ineffective assistance of counsel must fail. Therefore, the Court grants summary judgment.

**S. Ineffective Assistance of Counsel (Voir Dire) - Ground 16**

Petitioner alleges trial counsel "was ineffective during voir dire." (Dkt. No. 1 at 19). The PCR court found that this claim lacked merit. The PCR court specifically found that

(1) "Trial counsel submitted proposed questions to the trial court judge for voir dire and struck jurors based on his own experience and intuition as a trial lawyer." (Dkt. No. 30-27 at 156).

(2) The "trial court judge asked all of the relevant and appropriate questions during voir dire, and that throughout the entire process, there was no indication from anyone whatsoever that the foreman of the jury was biased . . ." (*Id.* at 157).

(3) Petitioner's "testimony and allegations regarding the jury . . . are not credible and lack any merit, while also finding trial counsel's testimony is credible." (*Id.* at 156).

The Court agrees with the Magistrate Judge that Petitioner has failed to rebut these factual findings by clear and convincing evidence and failed to show prejudice, i.e. that the outcome of trial would have been different had trial counsel conducted voir dire differently. Therefore, the Court finds that the PCR court applied *Strickland* reasonably and grants summary judgment on this ground.[14]

## T. Ineffective Assistance of Counsel (Jury Notes) - Ground 22

Petitioner alleges that trial counsel was "ineffective by not requesting the five (5) jury notes as part of the record versus 'court identification' nor have defendant present at crucial stages regarding jury instructions and re-charges." (Dkt. No. 1 at 20). As an initial matter, the five jury notes were marked as court exhibits and made part of the record. (Dkt. No. 30-27 at 18, 23). Thus, the allegations that trial counsel failed to make these notes part of the record is frivolous.

Furthermore, the PCR court found that

---

[14] Petitioner objects to "the caked on layer or otherwise insulation from trial attorney's action and inactions." (Dkt. No. 54 at 17). However, as explained above, the standard that the Court must apply is a doubly deferential one–"whether there is any reasonable argument that counsel satisfied *Strickland'* s deferential standard." *Harrington*, 131 S.Ct. at 788.

(1) Petitioner "provided no credible evidence or testimony that trial counsel's performance during . . . jury deliberation, jury notes, or the jury poll was deficient, nor has Petitioner provided any credible evidence that the jury foreman was biased or that the jury verdict was not unanimous." (Dkt. No. 30-27 at 15).

(2) "According to the record and the documents, evidence and testimony presented in the current action indicate that both the trial judge and trial counsel properly addressed all issues regarding jury deliberation and jury notes." (*Id.* at 157).

(3) Petitioner "failed to provide this Court with any credible evidence that trial counsel's alleged failures regarding the jurors prejudiced the defense." (*Id.*). Given these factual findings, which Petitioner has not rebutted, the PCR court's application of *Strickland* was reasonable.

With regard to Petitioner's claim that he was not present during part of the proceedings, the trial transcript does not indicate that he left the proceedings or was absent. (*See* Dkt. Nos. 30-26, 30-27). Regardless, this claim was not raised in the PCR proceeding, and to the extent that it was raised, it was not addressed by the PCR court. (Dkt. No. 30-27 at 134-67). Petitioner did not raise it in his Rule 59(e) motion before the PCR court. (*See* Dkt. No. 30-13 at 25-34). Therefore, this claim is procedurally barred.

**U. Ineffective Assistance of Counsel (Conflict of Interest) - Ground 31**

Petitioner alleges that trial counsel was "ineffective for continuing representation after fact of conflict of interest" and that "counsel ineffectively failed to properly address the conflict of interest issue." (Dkt. No. 1 at 21). The PCR court found such allegations "wholly without merit." (Dkt. No. 30-27 at 164). The PCR court correctly found that Petitioner must prove his trial counsel had an actual conflict of interest and that the conflict adversely affected his lawyer's

performance. *E.g., Cuyler, v. Sullivan*, 446 U.S. 335, 348 (1980). The PCR court found that

Petitioner failed to meet this burden. (Dkt. No. 30-27 at 165). The Court agrees with the

Magistrate Judge that this Petitioner has not shown this finding to be contrary to, or an

unreasonable application of, clearly established federal law or based on an unreasonable

determination of the facts in light of the evidence.

In his objections, Petitioner states that

> trial counsel had to practice law within the District, thus had an economic interest
> and the political and state representation and legal community and conrad [sic]
> also influenced counsel. Appointed trial counsel also had a conflict of interest
> between the lodge brothers vs Petitioner's legal interest. These interest
> independently and collectively prejudiced and adversely affected the degree of
> Jury Trial Representation. . .

(Dkt. No. 54 at 24). To the extent Petitioner argues that counsel had certain incentives because

he had to practice law within the District, he has not expounded on what these specific incentives

might be or shown that they adversely affected trial counsel's performance. Similarly, Petitioner

has not explained how "lodge brothers" created a conflict of interest for counsel or that any such

interest adversely affected trial counsel's performance. A conclusory statement that counsel's

performance was adversely affected is not enough. Therefore, the Court grants summary

judgment as to this ground.

## V. Ineffective Assistance of Counsel (Insufficiency of Evidence) - Ground 19

Petitioner alleges that both trial and appellate counsel "failed to preserve insufficiency of

evidence as certain portions of the state's case was physically and illogically implausible." (Dkt.

No. 1 at 19). The Court agrees with Magistrate Judge that this ground is frivolous. Trial counsel

moved for a directed verdict after the close of the State's case, renewed this motion at the close

-33-

of evidence, and, after the jury returned its verdict, moved for judgment notwithstanding the

verdict, which the trial court interpreted as a motion for a new trial. (Dkt. No. 30-24 at 86-88;

Dkt. No. 30-26 at 68-69; Dkt. No. 30-27 at 29-31). Because Petitioner's claim is refuted by the

record, summary judgment is appropriate. *See Mason v. Allen*, 605 f.3d 1114, 1121 (11th Cir.

2010) ("To the extent that Mason argues that the State failed to advise him of his *Miranda* rights,

we find this claim refuted by the record. Accordingly, we cannot say that the state court's ruling

on the legality of his confession is contrary to or an unreasonable application of clearly

established federal law.").

Petitioner is correct that appellate counsel did not raise this issue in his *Anders* brief.

(Dkt. No. 30-1). However, the PCR court found that Petitioner failed to show any prejudice from

appellate counsel's performance. (Dkt. No. 30-27 at 162-63). He did not establish that the South

Carolina Court of Appeals or South Carolina Supreme Court would have found prejudicial error

warranting reversal of his conviction had appellate counsel raised the issue. This Court agrees

and finds the PCR court's application of *Strickland* reasonable. Therefore, the Court grants

summary judgment on this ground.

## W. Ineffective Assistance of Appellate Counsel - Ground 21

Petitioner alleges "ineffective assistance of indigent appointmented [sic] appellate

counsel." (Dkt. No. 1 at 20). Specifically, Petitioner claims that it was "inappropriate" for

appellate counsel to submit an *Anders* brief and that appellate counsel did not file a Petition for

Rehearing. (Dkt. No. 54 at 3, 4).

With regard to filing an *Anders* brief, the PCR court found that Petitioner failed to show

any prejudice from appellate counsel doing so; he did not establish that the South Carolina Court

-34-

of Appeals or South Carolina Supreme Court would have found prejudicial error warranting

reversal of his conviction had appellate counsel not filed an *Anders* brief. (Dkt. No. 30-27 at

162-63). This Court agrees and finds the PCR court's application of *Strickland* reasonable.

With regard to the Petition for Rehearing, the South Carolina Court of Appeals granted

appellate counsel's petition to be relieved as counsel at the same time that it dismissed

Petitioner's appeal. (Dkt. No. 30-3). Thus, Mr. Savitz was no longer Petitioner's attorney at the

time that a Petition for Rehearing would be filed. Furthermore, Petitioner has not shown any

prejudice from a failure to file a Petition for Rehearing. Therefore, the Court grants summary

judgment on this ground.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 48), as modified, **GRANTS** Respondent's

Motion for Summary Judgment (Dkt. No. 31), and **DISMISSES** the habeas petition.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a
> substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or
> issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists

would find this Court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

-35-

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

      **IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

September 22, 2014
Charleston, South Carolina

-36-